## SUPREME COURT.

### THE PEOPLE agt. TOWNSEND.

An indictment for perjury will not lie upon evidence given under an oath administered by arbitrators, where the submission is not according to the statute.

Upon a parol submission, or under a common law arbitration, the arbitrators possess no power to administer a legal oath.

*Ontario Oyer and Terminer, Nov.* 1850. *Before* H. WELLES, *Circuit Judge;* FOLGER and CLEAVELAND, *Justices of Sessions. Indictment for Perjury.* In this case it appeared that Charles Godfrey and Reuben Lafever, on the 26th December 1848, entered into an agreement in writing, under seal, by which, among other things, the parties agreed to refer certain matters of account therein particularly mentioned to Hiram H. Seelye, John M. Bradford and James H. Wickes, who should decide on the allowance or rejection of such accounts, which decision should be final. The agreement further provided that the party who should be found owing the other should pay him the same by the first day of May 1849. The trial before the arbitrators came on at Geneva, commencing on the 8th or 9th day of May 1849, and was concluded about the 15th of the same month, when the arbitrators made their award. On such trial the defendant Townsend was introduced and sworn or affirmed by one of the arbitrators as a witness and gave evidence. Upon his testimony given on that occasion the indictment in this case was found. It appears that the arbitrators were not sworn. The indictment counts upon perjury as committed on an arbitration holden, &c. in due form of law and pursuant to the statute in such case made and provided, by and before, &c., duly chosen and appointed by the free will and choice, &c. and in pursuance of an agreement in writing between, &c., to decide and settle certain matters then in dispute between, &c. There are four counts in the indictment, the two last of which omit to state that the submission was according to the form of the statute, &c.

S. V. R. Mallory, *Dist. Att'y*, and A. Worden, *for the People.*
T. R. Strong, *for the Defendant.*

Welles, Ch. J.—Various legal objections are now taken to a conviction under these circumstances; but we will notice only two of them, as they appear to us decisive of the whole case.

1st. Had the arbitrators power to administer an oath to the defendant; because if they had not, the oath was extra judicial, and legal perjury could not be committed under it. This must depend upon the question whether the arbitration was under the statute or at common law, as they have not such power except in the case provided by the statute (2 *R. S.* 541; 3 *ed.* 628; § 1 to 5 inclusive). Under a common law arbitration, arbitrators do not possess such power. Was it then a submission under the statute? We think not. The agreement in writing clearly contemplated that the award should be made before the first day of May 1849. It does not so provide in terms, but it does provide that the party found indebted should pay such indebtedness by that time. This was a material part of the agreement, and effect must be given to it unless it should be found repugnant to some other provision, and effect can not be given to it unless it be implied that the award is to be made before that time. To suppose that such was contemplated by the parties, is doing no violence to any other part of the agreement. It seems, therefore, to follow that the powers of the arbitrators under the written agreement had expired before they entered upon their duties, and some further agreement of the parties would be necessary to enable them to act. It is not material to inquire whether such defect of power could be supplied by a parol agreement made afterwards, because if it could and was actually done in the present case, the submission would then have been by parol merely and therefore not in pursuance of the statute; and as before remarked in such case, the arbitrators would have no authority to administer an oath, and an oath administered by them would impose no more obligation upon the defendant than if administered by an overseer of highways.

It is also contended that there is a fatal variance between the

indictment and the proof, as the indictment counts upon a sub-mission in pursuance of an agreement in writing between the parties, when the proof shows such submission must have been by parol if at all. It may be questionable whether a fair construc-tion of the indictment will warrant this objection of variance; perhaps the clause in question may be referred to the mode of choosing the arbitrators; but still the question would remain whether in order to charge the defendant with perjury upon evidence given under an oath administered by one of the arbitra-tors, the prosecutor was not bound to show by the indictment that the submission was under the statute. It states that he was sworn by and before the arbitrators, which could not legally be done unless the submission was under the statute.

We think the defendant can not be legally convicted under this indictment.